UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
     -against-                      :
                                    :   Docket No.: 11-CR-00032-05 (JSR)
MARK ANTHONY LONGORIA,              :
                                    :
                       Defendant.   :
---------------------------------------------X

# SENTENCING MEMORANDUM
# SUBMITTED ON BEHALF OF MARK ANTHONY LONGORIA

                                       Jonathan Marks (JM-9696)
                                       Jonathan Marks, P.C.
                                       Counsel to Defendant
                                       220 Fifth Avenue, Suite 300
                                       New York, NY 10001
                                       Tel: 212-545-8008
                                       Email: jonmarkspc@gmail.com

Date: June 19, 2013

# JONATHAN MARKS, P.C.
ATTORNEYS AT LAW
220 FIFTH AVENUE
3RD FLOOR
NEW YORK, N.Y. 10001

E-MAIL: jonmarkspc@gmail.com
URL: www.jonmarks.com

TEL: (212) 545-8008
FAX: (212) 889-3595

June 18, 2013

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **United States v. Mark Anthony Longoria**
**S4 11 CR 032-05 (JSR)**

Dear Judge Rakoff:

I submit this sentencing memorandum on behalf of Mark Anthony Longoria, who is scheduled to be sentenced on July 1. For the reasons set forth below and in the Government's 5K letter, I respectfully urge the court to sentence the defendant to a term of probation.

The defendant disagrees with the Guidelines calculations in the Presentence Report. PSR ¶¶ 49, 52, and 93. We object to the Probation Department's 2-point enhancement for obstruction of Justice. While Longoria failed to make a full disclosure in his first two proffer sessions with the government, he immediately cured the problem, truthfully answering all of the government's questions in subsequent proffers and withholding nothing. Thus the total offense level is 14, yielding a range of 15-21 months.

We also disagree with the Probation Department's belief that he is able to pay a financial penalty in addition to forfeiture. PSR ¶ 91. He cannot. Longoria supports his wife, four daughters and his father on his modest salary and has virtually no disposable income.

Longoria's criminal conduct is aberrant and entirely inconsistent with his exemplary history and characteristics. Apart from the conduct that gave rise to this indictment, he has led a blemish-free, hardworking, law-abiding life. As a young man, he served three years on active duty in the Air Force and was honorably discharged as a sergeant in 1992. He then served two more years in the reserves. The attached letters from family and friends recite the positive impact he has had on their lives, his kindness, and his excellent character. His sister, Venesa Garcia, writes to the court that he was never in any kind of trouble (Ex. A).

He has always worked hard, devoting his time, money and energy to the care and support of his large family. As the attached letters show, he is an extraordinary responsible and loving father to his five daughters. His oldest, Kassi, has writes to Your Honor that her father is "wonderfully loving and emotionally supportive" (Ex. B). The second oldest, Savannah, writes that her father "is not only my rock, but the rock to this family." (Ex. C)

His close friend, Margot Almendarez, describes Longoria as kind, trustworthy and a positive influence on her son as well as his own children (Ex. D). A niece, Christine Aleman, writes that Tony Longoria is "the most loving kind and gentle man I have ever known" (Ex. E). Another niece, Erica Garcia, expresses her high opinion of his character and writes about the pain his family would endure were Tony sent to prison (Ex. F).

The defendant's good character is further demonstrated by his history of volunteering for worthy organizations such as Habitat for Humanity, Grace Hospice, the YMCA, and Little League Baseball.

An obvious question is why this good, law-abiding man provided inside information to institutional investors. In 2008, Mr. Longoria was strapped financially, unable to cover essential family expenses. He was not making enough to pay the tuition for his two oldest daughters. It

was during this financial crisis that James Fleishman offered him an opportunity to make a lot of extra money by working for Primary Global Research ("PGR"). He accepted, not out of greed but in order to support his family. He used the extra income to pay off credit card debt and to pay his daughters' tuition.

Imprisonment would result in tremendous financial and emotional hardship to Mr. Longoria's daughters. They have already lost their house and now rent. As Kassi writes, "taking my father away would knock my stepmother and sisters right into poverty." His wife Heather writes that she and the children would have no place to live. There is no one in the family who has the means to pay the rent other than Longoria, and no one in the family has a house where they could live (Ex. G).

Longoria's remorsefulness is palpable. He writes to Your Honor that he lives "in constant shame and misery." His letter makes clear that he is profoundly ashamed and contrite (Ex. H). Christopher Aleman writes about how much Longoria has suffered since his arrest (Ex. I).

In view of Longoria's excellent background and character, his important assistance to the government, his extraordinary family circumstances, and his deep remorsefulness, it is submitted that any prison sentence is harsher than necessary in order to comply with the purposes of sentencing. §3553(a). Given his history and the tremendous pain he has endured since his arrest, it is highly improbable that he would ever commit another crime. Thus, incarceration is not necessary in order to protect the public from further crimes by the defendant. In light of his significant assistance to the Government, including his testifying at the Fleischman trial, it is submitted that a sentence of incarceration is greater than necessary in order to reflect the seriousness of the offense, promote respect for the law or provide for just punishment. His cooperation outweighs the need to send him to prison as general deterrence.

For the reasons set forth above and in the Government's 5K letter, I respectfully request that Your Honor sentence Mr. Longoria to a term of probation.

Respectfully submitted,

Jonathan Marks

cc:  Antonia M. Apps, Esq.
     Assistant United States Attorney

     Dawn Doino
     Sr. United States Probation Officer